(USAO GAN 6/10) Search Warrant

| | FILED IN CHAMBERS<br>U.S.D.C. ROME |
|---|---|
| Date: | May 04 2021 |
| | JAMES N. HATTEN, Clerk |
| By: | s/Kari Butler |
| | Deputy Clerk |

# United States District Court
## NORTHERN DISTRICT OF GEORGIA

In the Matter of the Search of

One blue Apple iPhone in a blue case; one black Apple iPhone in a pink Otter Box case; one rose-gold Apple iPhone in a black case; and one red Apple iPhone in a clear case.

**APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT**
Case number: 4:21-MC-020-WEJ

I, James Rives, depose and say under penalty of perjury:

I am a Special Agent of the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement, Homeland Securities Investigation (HSI), and have reason to believe that in the property described as:

One blue Apple iPhone in a blue case; one black Apple iPhone in a pink Otter Box case; one rose-gold Apple iPhone in a black case; and one red Apple iPhone in a clear case,

in the Northern District of Georgia, there is now concealed certain property, certain information, and certain data, namely,

see Attachment A,

which constitutes evidence of a crime, contraband, fruits of crime, or items illegally possessed, and property designed for use, intended for use, or used in committing a crime, concerning violations of Title 21, United States Code, Section 841. The facts to support a finding of Probable Cause are as follows:

SEE ATTACHED AFFIDAVIT

Continued on attached sheet made a part hereof.

Sworn to me by telephone pursuant to Fed. R. Crim. P. 4.1

_Signature of Affiant_
James Rives

May 4, 2021
Date

Atlanta, Georgia
City and State

WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer
AUSA Gregory Radics

_Signature of Judicial Officer_

# AFFIDAVIT IN SUPPORT OF
# APPLICATION FOR RULE 41 SEARCH WARRANT

I, James Rives, depose and state under penalty of perjury:

1. I submit this affidavit in support of an application under Federal Rule of Criminal Procedure 41 for a search warrant authorizing the examination of the following digital devices: One blue Apple iPhone in blue case, one black Apple iPhone in a pink Otter Box case, one rose-gold Apple iPhone that is in a black case and one red Apple iPhone that is in a clear case (SUBJECT DEVICES). The SUBJECT DEVICES were seized from the person of LEON LEKEITH SALTER at his residence of 75 Point Place Drive in Cartersville, Bartow County, Northern District of Georgia. The SUBJECT DEVICES to be searched are currently located at the Bartow-Cartersville Drug Task Force (BC-DTF), 500 South Tennessee, Cartersville, Georgia. The applied for warrant would authorize the forensic examination of the SUBJECT DEVICES for the purpose of identifying and extracting electronically stored data, more particularly described in Attachment A.

2. I am a Special Agent of the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement, Homeland Security Investigations (HSI). I have been a Special Agent since April 2, 2007. I was previously a Police Officer with the Alpharetta Police Department (GA) from June

1

2000 to April 2007. I successfully completed the Special Agent Training Course at the Federal Law Enforcement Training Center in September 2007, which included training involving the investigation of drug offenses pursuant to Title 21, United States Code, Section 841. I received training and have actual experience relating to federal criminal procedures, federal statutes, and DHS regulations.  I have also had the opportunity to conduct, coordinate and participate in investigations relating to persons in possession and distributing drugs. My current assignment is the Office of Investigations with Immigration and Customs Enforcement, Resident Agent in Charge-Dalton.  My current responsibilities also include investigating violations of the federal immigration laws, customs laws, and related criminal statutes.

      3.      The statements contained in this Affidavit are based on my personal observations, my training and experience, as well as information obtained from other agents and witnesses.  Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included every fact known to me concerning this investigation.  I make this affidavit in support of search warrant for four cellular telephones (SUBJECT DEVICES) described as follows:

      a.      One blue Apple iPhone in blue case;

      b.      One black Apple iPhone in a pink Otter Box case;

      c.      One rose-gold Apple iPhone in a black case;

      d.      One red Apple iPhone in a clear case.

As further described below, these cellular telephones were discovered during the execution of a search warrant that was obtained in the Bartow County Superior Court on March 17, 2021 and served on March 17, 2021, in the Northern District of Georgia. LEON LEKEITH SALTER is the subject of a criminal investigation by the Bartow-Cartersville Drug Task Force (BC-DTF), which is investigating him for possession with intent of Distributing of Methamphetamine and Heroin, in violation of Title 21, United States Code, Section 841. During the execution of the search warrant at 75 Point Place Drive, Cartersville, GA, SALTER was in possession of the cell phones at this address, which was his residence. The phones were seized at 75 Point Place Drive, Cartersville, GA and are currently in the possession of, and are stored, maintained, or controlled at BC-DTF Office located at 500 South Tennessee, Cartersville, GA. The applied for search warrant would authorize the forensic examination of the SUBJECT DEVICES for the purpose of seizing electronically stored data more particularly described in Attachment A.

    4.    Based on my training and experience, and the facts set forth in this affidavit, there is probable cause to believe that LEON LEKEITH SALTER engaged in possession with intent to distribute controlled substances in violation of

3

federal law, and that there is now stored in the SUBJECT DEVICES information and data that is evidence of committing said crimes, namely 21 U.S.C. § 841, possession with intent to distribute methamphetamine and heroin.

## PROBABLE CAUSE

5.      On March 12, 2021, Customs and Border Protection (CBP) inspected a two (2) piece shipment at the United Parcel Service (UPS) hub located in Louisville, KY. An inspection of the shipment revealed anomalies within two (2) audio speakers.  Upon further inspection, the speakers revealed a white powdery substance that was tested with the TurNarc. The TurNarc is a mobile narcotics tester. The TurNarc test results revealed the presence of Methamphetamine.  HSI Dalton was contacted by HSI Louisville and learned the packages originated in San Luis Potosi, Mexico and were addressed to Cartersville, GA. Specifically, the shipper was listed as EFRAIN Cruz Vargas, with an address of Holanda 213, Fraccionamiento, Las Mercedes, San Luis Potosi, 78394, Mexico.  The Consignee for the packages was listed as OMAR Ramirez-Lopez, 75 Point Place Drive, Cartersville, Georgia, United States, phone number (404)786-2023.

6.      On March 12, 2021, HSI Dalton requested that HSI Louisville forward the two (2) shipments to the HSI Dalton Office of 920 Abutment Road, Dalton, GA. The BC-DTF was notified and agreed to assist in a joint investigation

4

with HSI to conduct a control delivery to the residence at 75 Point Place Drive in Cartersville for the purpose of identifying who is the actual recipient of the contraband is.

7. On March 12, 2021, the BC-DTF Intel Analysis (IA) Denisse Rodriguez conducted record checks on the address of 75 Point Place Drive, Cartersville, GA. It was discovered that a LEON LEKEITH SALTER was residing at the location. In addition, IA Rodriguez requested utilities information associated with the address from the City of Cartersville and learned that the utilities have been registered in the name of LEON LEKEITH SALTER since August 2019. SALTER has a listed telephone number of 770-855-8599.

8. On March 12, 2021, IA Rodriguez conducted a driver's license check for SALTER and discovered LEON LEKEITH SALTER is licensed through Georgia with a listed address of 75 Point Place Drive, Cartersville, GA.

9. On March 12, 2021, IA Rodriguez sent a request to the United States Postal Inspector for any records of packages delivered to 75 Point Place Drive, Cartersville, GA. Based on Postal databases, the target location (75 Point Place Dr, Cartersville) received a suspicious parcel that was delivered on March 1, 2021. The package was addressed to a Daniel ULU who is not associated with the address.

The parcel had a weight of 40 lbs. and the paid postage was $99.40. It was further learned the package that was being tracked by LeonSalter23@gmail.com.

10. On March 16, 2021, BC-DTF Agent Ryan Firth conducted a drive-by surveillance of the target location. Agent Firth observed a white Chevrolet Impala parked in front of the residence bearing Tennessee tag 5U08B4. A check of the tag revealed the vehicle being registered to Hertz Vehicles. IA Rodriguez contacted Hertz and was informed the vehicle was rented by LEON LEKEITH SALTER and an email address of LeonSalter23@gmail.com was on file for the vehicle.

11. On March 16, 2021, the packages seized by Customs and Border Protection Officers in KY arrived at HSI Dalton. The packages were immediately transferred to the custody of the BC-DTF for a controlled delivery attempt.

12. On March 16, 2021, Deputy N. Henderson (BC-DTF), along with his Canine "Athos", performed a free air sniff of the packages. Canine Athos gave a positive alert and final indication of a narcotic odor coming from the packages. A follow up presumptive test was performed by Cpl. E. Leon (BC-DTF) on the contents of the packages, giving a positive indication for the presence of methamphetamine. Due to the way the methamphetamine was concealed in the speakers, it was impossible to get an exact weight of the substance.

13. On March 17, 2021, IA Rodriguez learned from the United States

Postal Inspector that the packages have been checked online for a delivery time approximately 103 times from an IP address originating in Cartersville, Georgia.

14. On March 17, 2021, HSI Dalton agents and BC-DTF agent conducted a controlled delivery of one of the packages to 75 Point Place Drive, Cartersville, GA. Electronic Tracking Devices (ETD's) were placed inside the package to track the location and transmit a radio frequency once a person(s) attempts to remove the speaker from the package.

15. On March 17, 2021, a HSI agent disguised as delivery person placed the package at the door of 75 Point Place Drive, Cartersville, GA. SALTER was observed by the HSI agent, as well as a BC-DTF agent, opening the door and taking the package inside the residence. A short time later, BC-DTF agents received an alert from the transmitter inside the package that the package was opened.

16. Subsequently, on March 17, 2021, a search warrant was executed by BC-DTF and HSI agents at the residence of 75 Point Place Drive, Cartersville, GA. Upon execution of the warrant, SALTER was found inside with the open package. SALTER attempted to flee law enforcement by running upstairs but was quickly apprehended. A post-*Miranda* interview was attempted with SALTER, but he declined to speak any further after saying "I don't want to get myself in more

trouble". A search of the residence led to the discovery of a firearm, 140 grams of heroin, and approximately one pound of marijuana in addition to the SUBJECT PHONES. It was learned that SALTER did not utilize a desktop computer, laptop computer, or tablet to access the internet. HSI believes that all the internet activity conducted by SALTER was done through the SUBJECT PHONES that he controlled. This belief is based upon information HSI obtained in an interview with Charlene GOODMAN (GOODMAN) who was SALTER'S girlfriend and who was living with him on March 21, 2021. GOODMAN told agents that SALTER did not own any computers or tablets.

17. On March 17, 2021, subsequent to SALTER's arrest, BC-DTF agents accessed the methamphetamine contained inside the speakers. As a result, agents were able to weigh the total amount of methamphetamine SALTER attempted to have delivered to his residence. That weight was 4175.7 grams, and included the methamphetamine from both the speaker delivered to SALTER on that date and the package which was not delivered.

## CONCLUSION

18. Based on my training and experience, drug traffickers who order drugs to be delivered through the mail from delivery services often place such orders and communicate with the delivery services and others about the orders

over cell phones and/or the internet using computers, tablets, and other electronic devices. It is my belief that because the packages came through the mail from an international origin, the recipient more than likely ordered, coordinated the sending, or coordinated the receipt of the product using a mobile device, computer, or other electronic device. Evidence of such communications is often stored for long periods of time in such electronic devices.

19. The SUBJECT DEVICES have all remained in the custody of Bartow-Cartersville Drug Task Force and have not been opened, powered on, manipulated or examined by law enforcement. SALTER has remained in the custody of the Bartow County Jail and has therefore not been deprived of the SUBJECT DEVICES.

20. Because evidence used as the means of committing the foregoing offense can be embedded or hidden in text messages, e-mails, contact lists, and other digital media located on the cellular phones, I am seeking permission to search all contents of the SUBJECT DEVICES.

21. Based on this investigation, your affiant submits that there is now located certain data in the SUBJECT DEVICES, described herein, which are evidence of crimes, contraband, fruits of crime, or other items illegally possessed and property designed for use, intended for use, or used in committing violations

of Title 21, United States Code, Section 841 [possession with intent to distribute methamphetamine and heroin].

22. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the SUBJECT DEVICES to seize the items described in Attachment A.

## ATTACHMENT A

## PARTICULAR THINGS TO BE SEIZED FROM SUBJECT DEVICES

1. As related to the violations of 21 U.S.C. § 841, possession with intent to distribute methamphetamine and heroin from approximately January 1, 2021 to March 21, 2021:

    a. Evidence regarding the discussion of the acquisition, storage, disposition and transportation of controlled substances, including photographs and communications with relating to such.

    b. Any documents related to shipments, orders, possession or transportation of packages of controlled substances or packages;

    c. Any books and records that include the names, addresses, telephone numbers, email addresses of narcotics purchasers or suppliers, which would reveal the identities of confederates and narcotics trafficking locations;

    d. Photographs, video movie tapes, and/or slides depicting narcotics, drug paraphernalia, or assets purchased with drug proceeds;

    e. Correspondence, work papers, ledgers, and notes related drug trafficking;

    f. Bulk currency, which may be proceeds of controlled substances sales or possessed for the purpose of purchasing controlled substances; and

    g. Any and all instant messages, telephone numbers and notes, appointment books and/or calendars and notes, to-do lists, bookmarks,

    electronic mail, contact lists, and address lists, or any other data concealed within the electronic device to be searched that may relate to the suspected violations of federal law listed above;

h. Any and all records recording the planning, commission, or concealment of the suspected violation of federal controlled substance laws listed above;

i. Any photographs or digital video images that may relate to the suspected violation of federal law listed above;

j. Any and all micro SD, memory cards or hard drives attached to or inside electronic devices that will be searched, for items a, b, c, and d, above, upon seizure and are used as extended memory storage devices;

k. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer, smartphone, or electronic storage (such as flash memory or other media that can store data) and in any photographic form; and

l. Evidence such as user attribution showing who used or owned the device to be searched at the tie the things described in this warrant were created, edited or deleted, such as logs, phone books, saved usernames and passwords, documents, and browsing history.